1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN THOMAS KIZZIAR,

     Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:10-CV-00573-ECR-(VPC)

**ORDER**

Petitioner has submitted an application to proceed in forma pauperis (#3) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1 | 28 U.S.C. § 2244(d)(1).  A judgment, if appealed, becomes final when the Supreme Court of the
2 | United States denies a petition for a writ of certiorari or when the time to petition for a writ of
3 | certiorari expires.  Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999).  See also Sup. Ct. R.
4 | 13(1).  Any time spent pursuing a properly-filed application for state post-conviction review or other
5 | collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).
6 | The period of limitation resumes when the post-conviction judgment becomes final upon issuance
7 | of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  Section 2244(d) is
8 | subject to equitable tolling.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  "[A] 'petitioner' is
9 | 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently,
10 | and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at
11 | 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  The petitioner effectively files a
12 | federal petition when he mails it to the court.  Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir.
13 | 2003).  The court can raise the issue of timeliness on its own motion.  Day v. McDonough, 547 U.S.
14 | 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).
15 |         On August 1, 2006, in the Eighth Judicial District Court of the State of Nevada,
16 | petitioner was convicted of robbery with the use of a deadly weapon and murder with the use of a
17 | deadly weapon.  Petitioner appealed, and the Nevada Supreme Court affirmed on March 22, 2007.[1]
18 | Petitioner's judgment of conviction became final on June 20, 2007, with the expiration of time to
19 | petition the Supreme Court of the United States for a writ of certiorari.  Two hundred eighty-two
20 | (282) days later, on March 28, 2008, petitioner filed in state court a post-conviction petition for a
21 | writ of habeas corpus.[2]  The district court denied the petition on June 20, 2008.  Petitioner appealed,
22 | and the Nevada Supreme Court affirmed on December 4, 2009.  Petitioner petitioned for rehearing,
23 | which was denied on February 3, 2010.  Petitioner petitioned for en banc reconsideration, which

[1]The allegation on page 1 of the petition is erroneous; the court is using the file-stamped date on the copy of the Nevada Supreme Court's order.

[2]Again, the allegation on page 1 of the petition is erroneous.  The court uses the procedural history described in the Nevada Supreme Court's order of December 4, 2009, which is attached to the petition.

1   was denied on May 17, 2010.  Remittitur would have issued by June 11, 2010.[3]  Ninety-four (94)

2   days later, on September 13, 2010, petitioner mailed his federal habeas corpus petition to this court.

3          On its face, the petition is untimely.  Two hundred eighty-two (282) passed between

4   the finality of petitioner's judgment of conviction and the filing of his state habeas corpus petition.

5   The period of limitation was tolled while the state habeas corpus petition was pending.  The period

6   of limitation resumed after issuance of the remittitur on June 11, 2010.  Another ninety-four (94)

7   days passed before petitioner mailed his federal habeas corpus petition.  A total of three hundred

8   seventy-six (376) non-tolled days have passed between the finality of the judgment of conviction

9   and the mailing of the federal habeas corpus petition, and that time exceeds the one-year period of

10  limitation.

11         IT IS THEREFORE ORDERED that the application to proceed in forma pauperis

12  (#3) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

13         IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date

14  of entry of this order to show cause why this action should not be dismissed as untimely.  Failure to

15  comply with this order will result in the dismissal of this action.

16         DATED:  *October 15, 2010.*

17

18                                          *Edward C. Reed*
                                            _____

19                                          EDWARD C. REED
                                            United States District Judge

20

21

22

23

24

25

26

27   _____

28   [3]Petitioner alleges on page 1 of the petition that the Nevada Supreme Court decided his
     appeal on this date.

-3-