1

2

3

4

5

6                     **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8

9   JOHN THOMAS KIZZIAR,

10           Petitioner,                        Case No. 3:10-CV-00573-ECR-(VPC)

11   vs.                                        **ORDER**

12   ROBERT LEGRAND, et al.,

13           Respondents.

14

15          Petitioner has filed a response (#6) to the court's order (#5) that he show cause why

16   the action should not be dismissed as untimely.  The court finds that petitioner has not shown cause,

17   and the court dismisses the action.

18          Petitioner presents two arguments that affect the court's calculation of the time that

19   has passed since his judgment of conviction became final.  First, he argues that he mailed his state

20   habeas corpus petition on March 21, 1998.  Although petitioner has not provided any proof, for the

21   purposes of this order the court will assume that he mailed the state habeas corpus petition on that

22   date.  The period of limitation would have been tolled starting on March 21, 1998.  Stillman v.

23   Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  Second, petitioner argues that the period of

24   limitation should have resumed running on June 15, 2010, when he received a copy of the Nevada

25   Supreme Court's remittitur that concluded his state habeas corpus petition.  The judgment became

26   final, and the period of limitation resumed, on June 11, 2010, when the Nevada Supreme Court

27   issued the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  The time to

28   respond to an order of a court runs from the date of entry of the order, the time to appeal a judgment

1    runs from the entry of the judgment, and the court will not make an exception to this general rule for

2    petitioner.  Furthermore, in petitioner's case, the Nevada Supreme Court affirmed the denial of his

3    petition on December 4, 2009; it took six months to issue the remittitur because petitioner was

4    seeking rehearing.  He knew long before the issuance of the remittitur that his state habeas corpus

5    petition was unsuccessful.

6              Even with the adjustment of the date on which petitioner effectively filed his state

7    habeas corpus petition, the petition still is untimely.  Two hundred seventy-five (275) days ran from

8    the date of finality of his judgment of conviction, June 20, 2007, to the date of effective filing of his

9    state habeas corpus petition, March 21, 2008.  Ninety-four (94) days ran from the conclusion of his

10   state habeas corpus proceedings on June 11, 2010, to the date of effective filing of his federal habeas

11   corpus petition, September 13, 2010.  A total of three hundred sixty-nine (369) days passed, and the

12   petition is untimely.

13             Petitioner argues that the period of limitation is inapplicable to habeas corpus

14   petitions that challenge the jurisdiction of state courts and the constitutionality of his incarceration.

15   These arguments are without merit.  The language of the statute of limitation contains no such

16   exceptions, and no court has determined that such exceptions exist.

17             Petitioner presents several arguments why the court should grant him equitable

18   tolling. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been

19   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

20   prevented timely filing."  Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v.

21   DiGuglielmo, 544 U.S. 408, 418 (2005)).

22             First, petitioner argues that he had difficulties with his counsel on direct appeal.

23   These events all occurred before the period of limitation began to run and could not have prevented

24   him from filing a timely federal petition.

25             Second, petitioner argues that he was misled by the state courts.  Most of the events

26   that petitioner describes occurred before the period of limitation began to run and could not have

27   prevented him from filing a timely federal petition.  Petitioner alleges that he filed several motions

28

1   in state court after his judgment became final, but his ability to file those motions shows that he was

2   not prevented from filing habeas corpus petitions, either in state court or in federal court.

3              Third, petitioner argues that the state courts denied him access.  The events that

4   petitioner describes occurred while his state habeas corpus petition was pending and tolling the

5   federal period of limitation.  Those events could not have prevented him from filing a timely federal

6   petition.

7              Fourth, petitioner argues that he had difficulties in access to the prison's law library.

8   The sporadic occasions in which he was unable to obtain resources are hardly extraordinary—every

9   prisoner has the same problem—and the one-year length of the federal period of limitation is

10  sufficient for a prisoner to file a federal petition even with some delays on obtaining resources.

11  Also, petitioner was able to file his state habeas corpus petition in the middle of times that he was

12  unable to access the prison's law library, and thus the lack of access did not prevent him from filing

13  a petition.  Finally, six months passed between the Nevada Supreme Court's affirmance of the

14  denial of his state habeas corpus petition and the issuance of the remittitur.  The court does not

15  charge that time against petitioner—it was tolled pursuant to § 2244(d)(2)—but petitioner had six

16  months more than most prisoners to compose and polish a federal habeas corpus petition even

17  before the period of limitation resumed.  Under those circumstances, petitioner's failure to submit a

18  federal habeas corpus petition on time shows a lack of diligence.

19             Petitioner also asks the court to excuse operation of the statute of limitations because

20  he is actually innocent.  There is no actual-innocence exception to the statute of limitations.  Lee v.

21  Lampert, 610 F.3d 1125 (9th Cir. 2010).

22             Reasonable jurists would not find the court's conclusions to be debatable or wrong,

23  and the court will not issue a certificate of appealability.

24             Petitioner has submitted a petition for a writ of mandamus (#8).  He asks the court to

25  direct his trial and appellate counsel to provide petitioner with his case file.  The mandamus petition

26  is moot because the court is dismissing the action.

27             IT IS THEREFORE ORDERED that the clerk shall add Catherine Cortez Masto,

28  Attorney General for the State of Nevada, as counsel for respondents.

-3-

1    IT IS FURTHER ORDERED that the clerk shall electronically serve upon

2  respondents a copy of the petition.  No response is necessary.

3    IT IS FURTHER ORDERED that the petition for a writ of mandamus (#8) is

4  **DENIED** as moot.

5    IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as

6  untimely.  The clerk of the court shall enter judgment accordingly.

7    IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

8    DATED:   January 24, 2011

9

10   _____
     EDWARD C. REED

11   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-